IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

ENTERED
12/02/2016

|   |   |
|---|---|
| IN RE ) | |
| ) | |
| LUCERO DE LEON, ) | CASE NO. 16-80295-G3-13 |
| ) | |
| Debtor ) | |
| ) | |

## MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion for Extension of Automatic Stay Pursuant to 11 U.S.C. Section 362(c)(3)(B)" (Docket No. 5) filed by the Debtor, Lucero De Leon, in the above captioned Chapter 13 case. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Lucero De Leon ("Debtor") filed the voluntary petition in the instant Chapter 13 case on September 8, 2016.

Prior to the instant case, Debtor was the debtor in Case No. 16-80022-G3-13 (the "prior case"), which was filed on January 26, 2016, and dismissed, by order entered on August 30, 2016, on the motion of the Chapter 13 Trustee. Docket No. 64,

Case No. 16-80022-G3-13.  As grounds for dismissal of the prior case, the Chapter 13 Trustee asserted Debtor's failure to make Chapter 13 plan payments, file tax returns for tax years 2012 through 2015, and amend the plan to provide for payment in full of all secured and priority claims.  Docket No. 56, Case No. 16-80022-G3-13.  Nine days after dismissal of the prior case, Debtor filed the above captioned bankruptcy proceeding.

In the instant motion, Debtor seeks extension of the automatic stay as to all creditors.  The requested relief is opposed by First Tawakkal, Inc. d/b/a Auto Expo Houston ("Creditor").  Creditor holds a security interest in a 2010 Chevrolet Camaro pursuant to a Retail Installment Contract executed by Debtor on or about January 22, 2016.  Creditor's Exhibit No. 1.  Creditor contends that the instant bankruptcy case was not filed in good faith as Debtor's financial circumstances have not changed since dismissal of the prior case, there is no likelihood that the plan will be successfully completed, and the vehicle is not necessary for an effective reorganization as the vehicle is not used by Debtor but by Debtor's son.  Docket No. 23.

Debtor testified that on or about January 18, 2016, her adult son attempted to obtain a loan to purchase the Camaro but was unsuccessful.  Thereafter, Debtor applied for a loan with Creditor and on January 22, 2016, signed a Retail Installment

Contract.  Creditor Exhibit Nos. 1 and 16.  Debtor signed the loan application and contract four days before she filed her first bankruptcy case.

The Loan Application reflects a social security number purportedly belonging to Debtor and indicates that, for the past two years and five months, Debtor has been a self employed housekeeper earning a salary of $5,250 weekly.  Debtor testified that the Creditor's representative filled out the application and that she only signed it.  Debtor testified she does not have a social security number or a driver's license and neither does her husband.

Debtor's schedules reflect that she is not employed and receives no salary.  Debtor testified she used to work but stopped once she filed her first bankruptcy case.  Debtor's husband is employed as a cook in a restaurant.  Creditor's Exhibit Nos. 10 and 12.  The initial schedules filed in the instant case reflect that Debtor and her husband had a net monthly income of $1,393.33.  Creditor's Exhibit No. 12.  Debtor amended Schedules I and J in the instant case a number of times, the last of which was on October 24, 2016.[1]  The last amendment reflects that Debtor and her husband have a net monthly income of

---

[1] The instant evidentiary hearing began on October 19, 2016 and recommenced on October 26, 2016.  The amendments were filed between the first and second hearing dates.  The court notes that the Debtor also amended her proposed plan in accordance with the amended schedules.  Debtor's Exhibit No. 2.

$925.33.  Debtor's Exhibit No. 1.  The Statement of Financial Affairs indicates that the gross income for 2014 was $3,000 and for 2015, it was $3,890.  From January 1, 2016 through September 16, 2016, gross income is listed as $6,760.  Creditor's Exhibit No. 13.

Debtor listed four vehicles in her schedules and testified as to which vehicles are used by which family members: a 2008 GMC Acadia driven by Debtor; a 2003 Ford Explorer driven by her husband; a 2011 Dodge Charger driven by her adult daughter; and the 2010 Chevrolet Camaro driven by her adult son.  Debtor testified that she filed the instant bankruptcy case because the GMC Acadia (that she drives) had been repossessed.[2]

Debtor testified that no tax returns were filed for tax years 2012 through 2015 in the prior case.  Debtor's counsel advised the court that Debtor obtained an Individual Income Tax Identification number after dismissal of the prior case.  Debtor testified that, in connection with the instant case, she filed tax returns for 2014 and 2015.  Debtor admitted that she was served with a subpoena to produce a copy of the filed tax returns for the instant evidentiary hearing.  Debtor did not produce the tax returns.  She stated that she does not read English and did not know she was to bring them to the hearing.  Docket Nos. 41

---

[2] The court notes the incongruity of Debtor's filing the instant case to save her vehicle while not having a driver's license.

and 42.  Debtor offered no evidence, other than her testimony, to substantiate that tax returns were filed.

The court notes that, subsequent to the conclusion of the instant hearing, the Chapter 13 Trustee filed a Motion to Dismiss or Convert Case on November 16, 2016.  Docket No. 47.  The motion is based upon, among other reasons, the failure of Debtor to file tax returns for years 2013 through 2014, and the failure to provide copies thereof to the Trustee.  It is also based upon Debtor's failure to appear for the meeting of creditors which was held November 7, 2016.  At the instant hearing, held prior to the creditors' meeting, Debtor testified that she understood she had to attend the creditors' meeting and that she would appear.

Debtor testified that no income taxes were withheld during the periods covered by either the prior or the instant case.  Schedules I and J filed in each case also reflect no income tax withholdings.  Creditor's Exhibit Nos. 8, 10 and 12.  Debtor testified that her husband is paid in cash and no taxes are withheld, but that her husband will file an income tax return this year.  Debtor's husband did not testify.

The court notes that Debtor is a housewife and demonstrated no need for a separate vehicle for travel to work outside of her home.  Debtor testified that her plan is dependent upon financial contributions from her daughter and son.

Schedules I and J, filed and amended multiple times in both cases, reflect financial contributions from her son and daughter. Debtor testified that without vehicles, her daughter and son had no means of getting to work. Debtor testified that her son's financial contribution reimburses her for the payments she makes to Creditor on the Camaro and for the cost of insuring the Camaro. Debtor testified that, other than a payment of approximately $380.00, no payments have been made to Creditor pursuant to the Retail Installment Contract for the purchase of the Camaro. Creditor's Exhibit Nos. 1, 3 and 7. Neither Debtor's daughter nor son testified. Debtor offered no evidence, other than her testimony, to substantiate any monthly financial contributions made by her children. Debtor offered no evidence, other than her testimony, that retaining the Camaro was necessary or essential to the success of her proposed plan. The court finds that the inclusion of any income or expenses related to the Camaro in the proposed plan is not material to Debtor's financial rehabilitation.

    The court notes that no offer of adequate protection has been made to Creditor, other than the proposed monthly payments pursuant to the plan. Debtor testified that the Camaro is insured. Debtor's Exhibit No. 3. The court notes that although the Camaro appears to be insured, Creditor is not listed as a loss payee on the proof of insurance receipt. Debtor's

Exhibit No. 3.

The court finds that the instant case was not filed in good faith in light of the following non-exclusive factors: the timing of the execution of the Retail Installment Contract for the Camaro within days of filing of the bankruptcy case; the fact that inclusion of the Camaro in the proposed plan does not affect Debtor's financial rehabilitation; the fact that Debtor's motivation in filing was to save a repossessed car that she drives, despite the fact she has no driver's license; the failure to provide for, or withhold, income taxes in both cases; the failure to demonstrate filing of tax returns in both cases; the failure to provide the Chapter 13 Trustee with copies of tax returns alleged to have been filed in the instant case; the failure to produce, at the instant evidentiary hearing, copies of tax returns alleged to have been filed in the instant case despite the documents having been subpoenaed; the failure to provide adequate protection to the Creditor; the failure to show a positive change in circumstances; and the failure to attend the creditors' meeting in the instant case, despite testifying she understood the importance of her attendance and that she was going to do so.

## Conclusions of Law

Section 362(c)(3)(A) of the Bankruptcy Code provides that, if an individual debtor files, <u>inter alia</u>, a Chapter 13

case, within one year after the Debtor's previous case was pending, the automatic stay terminates on the 30th day after the date of filing of the petition.  11 U.S.C. § 362(c)(3)(A).  The court may extend the automatic stay, if the filing is in good faith as to the creditors to be stayed. 11 U.S.C. § 362(c)(3)(B).

> Section 362(c)(3)(C) provides in pertinent part:
>
> (C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary) -
>
> > (i) as to all creditors, if -
> >
> > > \* \* \*
> > >
> > > (II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to -
> > >
> > > > (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);
> > >
> > > \* \* \*; or
> > >
> > > (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded -
> > >
> > > > (aa) if a case under chapter 7, with a discharge; or

>> (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed.

11 U.S.C. § 362(c)(3)(C).

On the question of whether the presumption applies that the case was not filed in good faith, the opponent of the extension (the Creditor, in the instant case) bears the burden of proof as to whether the case was dismissed after Debtor failed to file or amend the petition or other documents as required by Title 11 or the court without substantial excuse.  The Debtor bears the burden of proof to show a change of circumstances under Section 362(c)(3)(C)(i)(III) by a preponderance of the evidence. *In re Charles*, 334 B.R. 207 (Bankr. S.D. Tex. 2005).

Part of Debtor's duties in a chapter 13 case is to timely provide the chapter 13 Trustee with a copy of the Federal income tax return for the most recent tax year ending immediately before the commencement of the case and for which a return was filed.  11 U.S.C. § 521(e)(2).  The court finds that Debtor failed to provide the chapter 13 Trustee with copies of tax returns in her prior case and in the instant case, without substantial excuse.  Pursuant to Section 362(c)(3)(C)(i)(II), the court finds that the presumption that the instant case was not filed in good faith applies.

Under Section 362(c)(3)(C) of the Bankruptcy Code, the presumption that a case is not filed in good faith may be

rebutted by clear and convincing evidence. Debtor offered no evidence, other than her unsubstantiated testimony, to support a showing that the instant proceeding was filed in good faith or that she now has the ability to make payments and complete a plan. The court concludes that Debtor has failed to rebut the presumption by clear and convincing evidence that the instant case was not filed in good faith.[3]

Based on the foregoing, a separate Judgment will be entered denying the "Motion for Extension of Automatic Stay Pursuant to 11 U.S.C. Section 362(c)(3)(B)" (Docket No. 5).

Signed at Houston, Texas on December 1, 2016.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[3] The court notes that, were the preponderance of the evidence standard applicable to the instant motion, Debtor has failed to prove by a preponderance of the evidence that the instant case was filed in good faith.